|  |  |
|---|---|
| MONIQUE WILSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MATTLEMAN, WEINROTH & MILLER, et al., <br><br> Defendants. | HONORABLE JOSEPH E. IRENAS <br><br> CIVIL ACTION NO. 13-0237 <br> (JEI/KMW) <br><br> **OPINION** |

**APPEARANCES:**

LAW OFFICES OF JOSEPH K. JONES, LLC
Joseph K. Jones, Esq.
375 Passaic Avenue, Suite 100
Fairfield, NJ 07004

and

LAW OFFICES OF LAURA S. MANN, LLC
Laura S. Mann, Esq.
179 Cahill Cross Road, Suite 205
West Milford, NJ 07480
        Counsel for Plaintiff


MATTLEMAN, WEINROTH & MILLER, P.C.
Alison B. Weinroth-Shaw, Esq.
401 Route 70 East, Suite 100
Cherry Hill, NJ 08034
        Counsel for Defendant

**Irenas**, Senior District Judge:

This is a debt collection case arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p. Plaintiff Monique Wilson ("Wilson")[1] alleges that Defendants Mattleman, Weinroth & Miller, P.C. ("Mattleman") and Executive Management, Inc. ("Executive") failed to fully satisfy the notice requirements set forth in 15 U.S.C. § 1692g(a)(3) of the FDCPA and thereby engaged in deceptive debt collection practices in violation of 15 U.S.C. § 1692e(10). Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6).[2] For the following reasons, the Motion will be granted in part and denied in part.

**I.**

For the purposes of this Motion, the Court accepts as true the facts as alleged in the Complaint. Prior to October 12, 2012, Wilson incurred a debt obligation to Sunrise Village, LLC ("Sunrise"). (Compl. ¶ 15) Wilson's debt was subsequently assigned, placed, transferred, or sold to Executive, a debt

---

[1] Plaintiff brings this lawsuit as a putative class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all consumers and their successors in interest who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA.

[2] This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

collection agency.[3] (*Id.* ¶ 19) On or about October 12, 2012, Mattleman delivered a one-page collection letter to Wilson.[4] (*Id.* ¶ 25) The letter, in its entirety, reads as follows:

> Our office is in receipt of a claim owed to our client, **EXECUTIVE CREDIT MANAGEMENT INC.**, in the above amount. If you owe this amount, please remit this sum to our office. If this amount is incorrect, or disputed, please refer to the final paragraphs of this letter for further instructions. To receive proper credit, send this letter back with your payment.
> As of the date of this letter, you owe **$4,241.98**. Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be different. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing your payment for collection. For further information, write our office or call 888-229-2289.
> In the event you notify us in writing within thirty (30) days of your receipt of this letter that the debt, or any portion of the debt, is disputed, we will mail you verification of the debt, or, if applicable, obtain a copy of the judgment, and upon your written request we will provide you with the original creditor's name and address should it be different from the current creditor.
> Should you fail to respond within thirty (30) days, we will recommend that our client commence an action against you to protect its rights. Please understand that this communication is from a debt

---

[3] The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

[4] Although Wilson's Complaint alleges that Executive sold the note to Mattleman, the October 12, 2012 letter makes clear that Mattleman is acting on Executive's behalf. As such, Mattleman is a debt collector for the purposes of 15 U.S.C. § 1692a(6). *See Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980) ("The [FDCPA] does not apply to persons or businesses collecting debts on their own behalf. It is directed to those persons who are engaged in business for the principal purpose of collecting debts." (citations omitted)); *see also* 15 U.S.C. § 1692a(4), (6).

> collector and any information we obtain will be used for the purpose of collecting this debt.

(Compl. Ex. A)

On January 13, 2013, Wilson initiated this action. (Dkt. No. 1) Wilson alleges that Mattleman and Executive violated the FDCPA in two ways. First, she claims that Defendants failed to provide an adequate debt validation statement[5] because Mattleman omitted the "assumption of debt" statement required by § 1692g(a)(3). (Compl. ¶ 35(a)) Second, she alleges that Defendants engaged in deceptive and illegal debt collection practices in violation of 15 U.S.C. § 1692e(10). *(Id.* ¶ 35(b)) Defendants now move to dismiss Wilson's Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 6)

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v.*

---

[5] "Paragraphs 3 through 5 of section 1692g(a) contain the validation notice--the statements that inform the consumer how to obtain verification of the debt and that he has thirty days in which to do so." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000).

4

*Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

When considering a Rule 12(b)(6) motion, the reviewing court must accept as true all allegations in the complaint and view them in the light most favorable to the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). In reviewing the allegations, a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When evaluating a Rule 12(b)(6) motion to dismiss, the Court considers "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). A document that forms the basis of a claim is one that is "integral to or explicitly

relied upon in the complaint." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

**III.**

**A.**

Under the FDCPA, a debt collector is required to include the following information in a debt collection letter to a consumer:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a); *see also Wilson*, 225 F.3d at 353.

In this case, Wilson alleges that Defendants violated the FDCPA's debt validation notice requirements. Specifically, Wilson claims that Mattleman did not include "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion

6

thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g(a)(3).

To comply with § 1692g, "more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter – the required notice must also be conveyed effectively to the debtor." *Wilson*, 225 F.3d at 353 (citing *Miller v. Payco-General Am. Credits, Inc.*, 943 F.2d 482, 483-84 (4th Cir. 1991)); *see also Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991) ("To comply with the terms of the [FDCPA], statutory notice must not only explicate a debtor's rights; *it must do so effectively*." (emphasis added)).

Moreover, the FDCPA's statutory notice requirement is "to be interpreted from the perspective of the 'least sophisticated debtor.'" *Wilson*, 225 F.3d at 354 (quoting *Graziano*, 950 F.2d at 111); *see also Caprio v. Healthcare Revenue Recovery, LLC*, 709 F.3d 142, 149 (3d Cir. 2013). This standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Wilson*, 225 F.3d at 354 (quoting *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999)) (internal quotation marks omitted); *see also Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 298 (3d Cir. 2008) ("[The least-sophisticated-debtor standard] is less demanding than one that inquires whether a particular communication would mislead or deceive a reasonable debtor.").

This standard, however, "does not go so far as to provide solace to the willfully blind or non-observant." *Campuzano-Burgos*, 550 F.3d at 299. Therefore, under the FDCPA, a debtor is "held to a quotient of reasonableness, where a basic level of understanding and a willingness to read with care will be assumed." *Caprio*, 709 F.3d at 149; *Wilson*, 225 F.3d at 354-55 (noting that debt collectors may not be held liable for "bizarre or idiosyncratic interpretations").

"When reviewing a debt validation notice, [a court] must review the document as a whole in order to evaluate whether the notice would inform sufficiently a least sophisticated debtor of his debt validation rights." *Smith v. Hecker*, No. 04-5820, 2005 U.S. Dist. LEXIS 6598, at *17 (E.D. Pa. Apr. 18, 2005). Though not required to quote directly from the language of the statute, "[debt collectors] are required to provide the least sophisticated debtor with a non-deceptive statement that unless the consumer disputes the validity of the debt within the statutory period, the debt will be assumed to be valid for collection purposes." *Id.* at *14; *see also Emanuel v. Am. Credit Exch.*, 870 F.2d 805, 808 (2d Cir. 1989) ("[T]here simply is no requirement that [a collection letter] quote verbatim the language of the statute.").

Based on the Complaint and the October 12, 2012 letter, Wilson has sufficiently alleged that Mattleman did not comply

with § 1692g(a)(3)'s requirements.  Although Mattleman contends that its October 12, 2012 letter contains all the information that § 1692g(a) requires (Defs.' Mem. in Supp. of Def.'s Mot. To Dismiss 2), a reading of the letter as a whole from the perspective of the least-sophisticated debtor shows that this is not the case.

Section 1692g(a)(3) requires only that Mattleman convey the gist of the provision in a nondeceptive statement, not that Mattleman specifically use the term "assume," yet at no point does the letter purport to notify Wilson that her debt would be assumed valid (or for that matter by whom it would be assumed) if she did not respond within thirty days.  The only sentence that could possibly be interpreted to provide such notice states, "Should you fail to respond within thirty (30) days, we will recommend that our client [Executive] commence an action against you to protect its rights."  (Compl. Ex. A, 4)  This statement, however, does not convey effective notice to a least-sophisticated debtor that her debt would be assumed valid.  As such, Wilson has stated a plausible claim for relief, and Defendants' motion to dismiss the § 1692g(a)(3) claim will be denied.

**B.**

Wilson also alleges that Defendants engaged in deceptive

debt collection practices in violation of 15 U.S.C. § 1692e(10). (Compl. ¶ 35(b))  Section 1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  Specifically, § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  *Id.* § 1692e(10).  "Whether a communication is deceptive . . . is [also] evaluated 'from the perspective of the least sophisticated debtor.'"  *D'Addario v. Enhanced Recovery Co., LLC*, 798 F. Supp. 2d 570, 573 (D.N.J. 2011) (quoting *Campuzano-Burgos*, 550 F.3d at 298).  Under this standard, a collection letter is deceptive when "it can be reasonably read to have two or more different meanings, one of which is inaccurate."  *Caprio*, 709 F.3d at 149 (citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996)).

Even reading the Complaint in a light most favorable to her, Wilson has not presented any facts to suggest that Mattleman's letter would be deceiving to a least-sophisticated debtor.  Wilson contends that the October 12, 2012 letter is deceptive and misleading because it violates § 1692g(a)(3) and "fails to inform [Wilson] of her right . . . to dispute the alleged debt and prevent the debt collector form [sic] assuming

the debt is valid."  (Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Dismiss 9; *see also* Compl. ¶ 35(b))

"While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.  In this case, Wilson has failed to support her § 1692e(10) claim with any allegations suggesting that a least-sophisticated debtor could have a competing interpretation of Mattleman's October 12, 2012 letter.  Without such allegations, Wilson's § 1692e(10) claim amounts to nothing more than "threadbare recitals of a cause of action's elements, supported [only] by mere conclusory statements."[6]  *Twombly*, 550 U.S. at 555.  Accordingly, Defendants' motion to dismiss the § 1692e(10) claim will be granted.

**IV.**

For the reasons listed above, Mattleman's Motion to Dismiss will be granted with respect to the § 1692e(10) claim and denied

---

[6] No court in this Circuit has held that the omission of a statement required by § 1692g(a) constitutes a deceptive practice per se.  Typically, an omission is held to violate § 1692e only when proffered with evidence that causes a least-sophisticated debtor to read a provision with competing interpretations.  *See Hecker*, 2005 U.S. Dist. LEXIS 6598, at *17 (holding that the use of the term "assessed" and "the subsequent omission of any reference to the entity that w[ould] be 'assessing' the debt [wa]s likely to confuse or mislead the least-sophisticated debtor"); *see also Philip v. Sardo & Batista, P.C.*, No. 11-4773, 2011 U.S. Dist. LEXIS 130267, at *12-13 (D.N.J. Nov. 10, 2011) (finding that a creditor's use of terms such as "this office" or "we" and the omission of the specific term "by the debt collector" were sufficiently misleading to survive a motion to dismiss); *Harlan v. NRA Grp., LLC*, No. 10-0324, 2011 WL 500024, at *3-4 (E.D. Pa. Feb. 9, 2011) (holding that a debt collector's use of "presumed" instead of "assumed" coupled with the omission of "by the debt collector" violated 15 U.S.C. § 1692e(10)).

with respect to the § 1692g(a)(3) claim.  An appropriate Order accompanies this Opinion.

Date: June 12, 2013

  /s/ Joseph E. Irenas
**Joseph E. Irenas, S.U.S.D.J.**